UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MICHAEL ROST,

      Plaintiff,

vs.                                                                                **COMPLAINT**

LIBERTY COCA COLA,

      Defendant.

-------------------------------------------------------------x

    By and through his attorney, Michael H. Sussman, plaintiff Michael Rost alleges as follows:

## I. PARTIES

    1. Plaintiff, Michael Rost, is a resident of the County of Orange and of legal age.

    2. Defendant, Liberty Coca Cola, is a company which does business in the County of Orange.

## II. JURISDICTION

    3. On or about September 7, 2020, plaintiff filed an EEOC charge alleging, inter alia, that defendant violated the Americans with Disabilities Act when it terminated his employment in April 2020 and engaged in gender bias in the terms and conditions of his employment. See Exhibit 1 for EEOC charge.

    4. The EEOC has now issued plaintiff a right to sue letter and plaintiff timely initiates this lawsuit. See Exhibit 2 for Right to Sue letter

5. As defendant employs more than 20 persons and has done so for more than one year and as plaintiff has satisfied all jurisdictional requisites to initiation of this lawsuit, this Honorable Court has jurisdiction over this matter pursuant to 20 U.S.C. sec. 12101, et. seq., 42 U.S.C. section 2000e-5, et seq. as well as 28 U.SC. secs. 1331 and 1343(3) & (4).

III. **CAUSES OF ACTION**

**AS AND FOR A FIRST CAUSE OF ACTION**

6. Plaintiff worked for defendant for more than 25 years, most recently as a "warehouse supervisor" at its warehouse facility in the Town of New Windsor, County of Orange.

7. In August 2019, plaintiff was involved in a car accident caused by his inebriation and was placed on short term disability.

8. Months before August 2019, plaintiff began treatment for his alcoholism.

9. After his accident, plaintiff continued supervised treatment, remained on intermittent FMLA and desisted from his over-consumption of alcohol, qualifying him as an individual with a disability pursuant to 20 U.S.C. section 12114(b)(2).

10. On or about October 3, 2019, defendant suspended plaintiff with pay, claiming that he was working for the Town of Tuxedo [for which plaintiff served as the duly elected Town Supervisor] while on disability.

11. Plaintiff continued in supervised rehabilitation after the accident and participated in such treatment through April 17, 2020, when defendant terminated his employment.

12. Between his accident and his termination, plaintiff's supervisors were fully aware defendant of his status as an alcoholic and of the supervised rehabilitation in which he was engaged related to his illness/disability.

13. For more than two decades, plaintiff successfully fulfilled the responsibilities of his position as manager/supervisor at defendant's distribution center in New Windsor.

14. In April 2020, due to his alcoholism and notwithstanding the fact that he remained in active rehabilitation and defendant's awareness of that fact, defendant terminated plaintiff's employment.

15. Plaintiff's status as an alcoholic and the leave time he took for treatment contributed to his termination.

16. In holding against plaintiff absences caused by both his alcoholism and his continuing treatment for that illness, defendant violated the Americans with Disabilities Act.

**AS AND FOR A SECOND CAUSE OF ACTION**

17. In addition to terminating him on account of his disability as set forth in the First Cause of Action, defendant also engaged in prohibited gender discrimination when it terminated plaintiff.

18. Starting at least two and one-half years before his termination and continuing through August 2019, plaintiff was responsible for supervising the first female employee defendant hired to work in her position, Marisol Sanchez, an inventory clerk and then an inventory analyst at the New Windsor facility.

19. During this period, Sanchez refused to comply with plaintiff's reasonable directions and, instead, was repeatedly insubordinate, rude, and insulting to him.

20. Plaintiff reported Sanchez's conduct to both his supervisors and to the Human Resources [HR] office as he sought to impose appropriate discipline upon Sanchez for her behavior.

21. However, neither his supervisor nor HR supported plaintiff's reasonable efforts to discipline Sanchez.

22. Instead, his supervisor, warehouse manager Boothe, advised plaintiff that requiring Sanchez to comply with company protocols and policies or disciplining her when she did not do so might cause her to file a lawsuit premised on her gender and national origin, and that, for this reason, she should be treated carefully and differently than other employees.

23. Plaintiff insisted that Sanchez comply with company policy, but his managers provided him with no support, and she did not do so.

24. This dynamic, specifically the company's failure to discipline her, emboldened Sanchez to continue to ignore plaintiff's rightful directives, taunt

24. This dynamic, specifically the company's failure to discipline her, emboldened Sanchez to continue to ignore plaintiff's rightful directives, taunt him, physically pursue him on several occasions in the warehouse, and disrespect him with no adverse consequences.

25. Sanchez's behavior and management's attitude toward her, which continued through August 2019, stressed plaintiff, and caused him to resort to self-destructive behavior, including the over-consumption of alcohol.

26. Indeed, the company's overtly discriminatory refusal to administer its own policies caused plaintiff significant stress and, ultimately, contributed substantially to the conditions which caused defendant to unlawfully terminate him.

27. In failing to enforce its neutral non-discriminatory policies against Sanchez because she is female, defendant adversely affected the terms and conditions of plaintiff's employment, ultimately contributing, as set forth above, to the termination of his employment.

28. Absent the defendant's gender-based failure to enforce its own policies, plaintiff's mental health would not have deteriorated to the point where he became self-destructive.

29. By failing to enforce its rules because of Sanchez's gender and ultimately causing injury to plaintiff, as alleged above, defendant violated Title VII of the Civil Rights Act of 1964 as amended.

30. By and through the gender bias he experienced, plaintiff experienced substantial stress, distress, and mental anguish.

31. By and through his termination on account of his disability, plaintiff has suffered additional stress, distress, mental anguish and the loss of substantial salary, benefits, and pension.

32. The termination of plaintiff's employment was knowing and wanton, punishment for his illness and his time out of work on disability which plaintiff required as he sought treatment to overcome his alcoholism.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court accept jurisdiction of this matter, empanel a jury to hear and decide all issues within its jurisdiction, award to plaintiff compensatory and punitive damages and attorneys' fees and costs as authorized by law and enter any other order the interests of law and equity warrant.

Dated: December 14, 2020

Respectfully submitted,

MICHAEL SUSSMAN [3497]

SUSSMAN & ASSOCIATES
PO BOX 1005
1 Railroad Avenue, Ste. 3
Goshen, NY 10924
(845)-294-3991
Counsel for Plaintiff

6